**STATE of Missouri, Respondent,**

v.

**James Edward ABBEY, Appellant.**

No. 53233.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Thomas R. Motley, Hannibal, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for two counts of unlawful use of a weapon, § 571.030.1(1), RSMo 1986, to which he was sentenced as a prior and persistent offender to two consecutive seven-year terms of imprisonment. We affirm.

The unlawful use of a weapon charges arose from an incident on November 17, 1986. On that day defendant was in the Marion County Jail awaiting trial on a drug related charge. Defendant and several other prisoners caused a disturbance; as a result, the sheriff decided to move defendant to another facility. When informed of this decision, defendant unbuttoned his shirt and pulled a steak knife from a bandage wrapped around his ribs. Defendant proceeded to threaten the sheriff with the knife.

Just prior to trial on the weapon charges defendant made an oral motion for new counsel. In support of his motion, defendant claimed the public defender appointed to represent him, told him he would not represent him and would not do anything for him. The public defender testified defendant's statements about nonrepresentation were "sheer fabrication."

Immediately after his motion was denied defendant caused a physical disturbance. It took two deputy sheriffs to get him into another room and calm him down. The State made a motion that defendant be maintained in leg-irons and handcuffs during the trial and that a deputy be seated near defendant to ensure there would be no physical disruption of the trial proceedings. In support of its motion the State indicated defendant had previously tried to escape.

Before ruling on the motion, the trial court asked defendant if he would behave if the shackles and handcuffs were removed. Although defendant responded "Yeah," the trial court granted the State's motion that defendant be restrained. In doing so the court made a record, "noting the answer and demeanor of the witness, [the court] does not believe the Defendant...."

The court's assessment of defendant was borne out. During voir dire, defendant, whose hands were restrained by a chain going through his belt loop, attempted to free his hands by tearing the belt loops out of his pants.

It is preferable that a criminal defendant not be in handcuffs and leg-irons during trial. However, the trial court has discretion to take such measures if there is good cause to do so. *State v. O'Neal*, 718 S.W.2d 498, 502[9] (Mo.banc 1986), *cert denied*, —— U.S. ——, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987). In light of defendant's belligerent attitude, his prior escape attempt, the nature of the crimes charged, and the court's assessment of his demeanor there was good cause to physically restrain defendant. *See State v. Methfessel*, 718 S.W.2d 534, 537[5] (Mo.App.1986); *State v. Borman*, 529 S.W.2d 192, 194[3] (Mo.App. 1975).

Judgment affirmed.

GARY M. GAERTNER, P.J., and DOWD, J., concur.